IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHAWN LOUIS JACOBS,

        Petitioner,

v.                                                                                         CV 06-0469 WJ/LCS

ROBERT ULIBARRI, Warden,
and the ATTORNEY GENERAL
OF THE STATE OF NEW MEXICO,

        Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Mr. Jacobs's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed June 5, 2006 (Doc. 1), and Respondent's Motion to Dismiss, filed July 17, 2006. (Doc. 12.) Petitioner, currently incarcerated on an unrelated matter (Doc. 13 at 1), attacks a conviction he received as evidenced by a judgment entry filed in the Second Judicial District Court, Bernalillo County, State of New Mexico, on January 25, 1996.[1] (Doc. 10, Ex. F.) Respondent contends that the statute of limitations under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") bars Mr. Jacobs's action. (Doc. 13 at 2.) The United States Magistrate Judge, having considered the Motion, the briefs, the record, relevant law, and being otherwise fully advised, finds that there is no need for an evidentiary hearing, that Petitioner's Motion is not well-taken, and that the Motion should be **DENIED** as time barred under the AEDPA.

---

[1] Petitioner is currently serving a life sentence for a separate conviction that he does not challenge here. (Doc. 1.) He was on death row for this separate conviction, but the death sentence was commuted. (*See* Doc. 10 at 1 (referencing *Jacobs v. Bravo*, No. CIV 04-0551, Doc. 22 (D.N.M. March 30, 2006)). I emphasize at this juncture that Petitioner's habeas petition attacks a January 25, 1996, conviction for two counts of receiving and transferring a stolen vehicle, and *not* the conviction for which he received the life sentence he is currently serving.

*See* 28 U.S.C. § 2244(d)(1).

## I.  PROCEDURAL HISTORY

1. On August 3, 1995, in the Second Judicial District, Bernalillo County, New Mexico, in CRCR-94-0002940, Petitioner pled guilty to two counts of receiving and transferring a stolen vehicle (possession) in violation of N.M. STAT. § 66-3-505 (1978). (Doc. 10, Ex. D.) In his plea agreement, Mr. Jacobs agreed that the conviction would be valid and free from fundamental error, and he waived his right to appeal. (*Id.*) Mr. Jacobs agreed, by signing his plea agreement, that he had discussed his case and his rights with his lawyer and that he read and understood the plea agreement. (*Id.*)

2. On January 25, 1996, the district court entered judgment and sentenced Petitioner to three years in prison. (Doc. 10, Ex. F.) On March 29, 2006, Mr. Jacobs filed a petition for writ of habeas corpus in state court. (Doc. 10, Ex. G.) He filed an amended petition on the same day. (Doc. 10, Ex. H) On April 25, 2006, the Second Judicial District Court summarily dismissed Mr. Jacobs's petition. (Doc. 10, Ex. I.) On May 3, 2006, Mr. Jacobs filed a petition for writ of certiorari with the New Mexico Supreme Court. (Doc. 10, Ex. J.) The Court rejected Jacobs's petition on May 23, 2006. On June 5, 2006, Mr. Jacobs filed the instant petition. (Doc. 1.)

## II.  ANALYSIS

3. In his Petition, Mr. Jacobs makes claims regarding illegal search and seizure, ineffective assistance of counsel, sentencing error, cruel and unusual punishment, involuntary plea, and prosecutorial misconduct. (Doc. 1.)

4. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Mr. Jacobs's petition. Because he is proceeding *pro se*, I will liberally construe his pleadings. *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  I find, however, that Mr. Jacobs's petition is time barred, and I therefore decline to address its merits.

## Mr. Jacobs's Petition Is Time Barred.

4.     Mr. Jacobs's petition should be dismissed because it is time barred.  Title 28 U.S.C. § 2244(d)(1) provides that:

> [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Sections 2244(d)(1)(B) and (C) are inapplicable here.  Regarding 2244(d)(1)(A), the court entered judgment against Petitioner on January 25, 1996. (Doc. 10, Ex. F.)  Petitioner waived his right to appeal.  (Doc. 10, Ex. D.)  Thus, his conviction became final on entry of judgment, January 25, 1996.  Even if Petitioner had been able to appeal his conviction, the facts do not indicate that he did so, and thus his conviction would have become final by February 24, 1996.  *See* N.M. STAT. ANN. § 39-3-3 (1978); Rule 12-102 N.M.R.A.  In either case, the

3

conviction would have become final before April 24, 1996, the effective date of the AEDPA. A prisoner whose conviction became final prior to the effective date of the AEDPA has one year after its effective date to file his petition. *See Powell v. Williams*, 981 F. Supp. 1409, 1413 (D.N.M. 1997) ("the Tenth Circuit essentially allowed a one-year grace period for petitions filed prior to the Act's effective date, such that a prisoner whose conviction became final on or before the Act's effective date of April 24, 1996, was afforded until April 24, 1997, to file his habeas petition.") (citing *United States v. Simmonds* 111 F.3d 737, 746 (10th Cir.1997));[2] *see also Serrano v. Williams*, 383 F.3d 1181, 1183 (10th Cir. 2004) ("Because [Petitioner's] conviction became final before the AEDPA's effective date, he had until April 24, 1997 to file his § 2254 petition.") Mr. Jacobs, therefore, had until April 24, 1997, to file his § 2254 petition. Since Mr. Jacobs did not file his petition until June 5, 2006, he is clearly time barred.

5. Petitioner contends that he exercised due diligence in gathering facts to support his petition, but that he was unable to obtain these facts until within the last year. (Docs. 1, 14, 15.) He argues that the limitations period should thus be applied according to § 2244(d)(1)(D). As to his reason for being unable to discover the necessary facts to support his petition, Petitioner submits that he could not afford the cost he was required to pay by the state court for documents. (Docs. 1, 14, 15.) Mr. Jacobs explains that he was on death row for some period of time, and that he had no job and no family support. (*Id.*)

6. I find that Mr. Jacobs did not exercise due diligence. First, no reasonable person

---

[2] The Tenth Circuit overruled *Simmonds*'s one year calculation in *United States v. Hurst*, 322 F.3d 1256, 1261 n. 4 (10th Cir. 2003) to the extent that the calculation was based on a calendar year method rather than an anniversary method. In this case, the distinction is immaterial. Under either calculation method, Mr. Jacobs's Petition is time barred.

would conclude that under the circumstances, over a period of nearly *ten years*, Petitioner could not raise funds to pay the costs of obtaining documents from the court. Second, even if Mr. Jacobs was in fact completely disabled from raising funds while imprisoned on death row, he could have exercised due diligence during his three years of incarceration for the conviction he now challenges. Moreover, he could have, and a diligent person believing he or she has suffered constitutional injury in having been convicted and imprisoned, would have sought to discover facts to prove that injury following release from prison. Third, as to the facts Mr. Jacobs claims he did not know, I find he must have had sufficient knowledge of them such that he could have filed this § 2254 immediately after his conviction became final; at which point, if his claims had merit, he could have sought an evidentiary hearing to firmly establish the facts.[3]

7. Finally, I will address Mr. Jacobs's entitlement to equitable tolling. The statute of limitations under the AEDPA may be tolled when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998). "Equitable tolling would

---

[3] Regarding the bases for Mr. Jacobs's claims, Petitioner would have had access to search warrants in the original proceedings, he would have been able to observe his counsel's performance, he knew the basis of his sentence determination, he participated in his guilty plea, he had an opportunity to experience the prosecutor's actions affecting him, and he was certainly aware of the punishment he incurred. Mere knowledge or, through due diligence, the ability to discover these facts is sufficient to start the clock. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.") (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)); *see also United States v. Dighera*, No. 97-40072-01, 06-3026-RDR, 2006 WL 1814360, *3 (D. Kan. June 29, 2006); *see also Clark v. Bruce*, No. 05-3220-SAC, 2005 WL 1533117, *1 (D. Kan. Jun 29, 2005).

be appropriate, for example, when a prisoner is actually innocent." *Gibson*, 232 F.3d at 808 (citing *Miller*, 141 F.3d at 978). It may also be available "when an adversary's conduct - or other uncontrollable circumstances - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990)). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citing *Irwin*, 498 U.S. at 96). "Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." *Gibson*, 232 F.3d at 808 (citing *Miller*, 141 F.3d at 978).

8. Here, I find that Petitioner is not entitled to equitable tolling. None of the circumstances cited in *Gibson* are present. Rather, Petitioner argues that he was on death row, that he had no job or family support, and thus that he was unable to afford costs to obtain documents from the court. My discussion above demonstrates the futility of Mr. Jacobs's assertions. (*See* discussion *supra* ¶ 6.) I supplement that discussion here with the observation that Mr. Jacobs has provided the Court with nothing more than mere assertions that he exercised due diligence and attempted to get documents from the Court, and statements explaining impediments he encountered. He has not given the Court any specific details as to the efforts he *has* made.

### III.  RECOMMENDATION

Mr. Jacobs waited nearly ten years to file his § 2254 petition. Having reviewed the record in this case, all applicable law, and being otherwise fully advised, I find that the petition is time barred under 28 U.S.C. § 2244(d)(1), and I recommend that Mr. Jacobs's Petition for Writ of Habeas Corpus be **DENIED**. Timely objections to the foregoing may be made pursuant to 28

U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Boulevard N.W., Albuquerque, NM 87102.  A party must file objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**